UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND, by its
Trustees SAL ALLADEEN and DANIEL C. AUSTIN,

            16 Civ.

        Plaintiff,

    -against-

           COMPLAINT

JAMAICA HOSPITAL MEDICAL CENTER, INC.,

        Defendant.
------------------------------------------------------------------X

        Plaintiff, U.S.W.U. LOCAL 74 WELFARE FUND by its Trustees, SAL ALLADEEN and DANIEL C. AUSTIN, by their attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant JAMAICA HOSPITAL MEDCIAL CENTER, INC., allege the following:

## NATURE OF ACTION

    1.     This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"); 29 U.S.C. §1001, et seq., and the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. §152 et seq., to compel defendant to make benefit fund contributions on behalf of its employees in accordance with the applicable law, trust agreements, and the collective bargaining agreement.

## JURISDICTION

    2.     Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132 (a)(3), (e), and (f).

## VENUE

    3.     Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the employee benefit plans are administered in this District.

## PARTIES

4. At all times relevant herein the U.S.W.U. LOCAL 74 WELFARE FUND (hereinafter "the WELFARE FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Daniel C. Austin are Trustees of the WELFARE FUND and appear in their representative capacities.

5. At all times relevant herein, the WELFARE FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6. Upon information and belief, defendant JAMAICA HOSPITAL MEDICAL CENTER, INC. ("JAMACIA HOSPITAL"), was a New York not-for-profit corporation with offices located at 8900 Van Wyck Expressway, Jamaica, New York 11418.

7. At all relevant times herein, JAMAICA HOSPITAL was an employer in an industry affecting commerce within the meaning of ERISA §§(3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

8. At all relevant times herein, JAMAICA HOSPITAL operated, maintained and/or controlled various facilities, including but not limited to, the Jamaica Hospital, Jamaica Hospital Nursing Home, and Jamaica Hospital Diagnostics.

9. At all relevant times herein, there were in force and effect collective bargaining agreements, including extensions thereof, by and between Local 74, United Service Workers Union, International Union of Journeymen and Allied Trades ("Local 74"), and JAMAICA HOSPITAL covering workers employed in the JAMAICA HOSPITAL facilities set forth above.

10. At all relevant times herein, said collective bargaining agreements and extensions thereof established terms and conditions of employment of Local 74 bargaining unit workers, including that JAMAICA HOSPITAL was required to make contributions to the WELFARE FUND for covered employees in its various facilities.

11. At all relevant times herein, said collective bargaining agreements and extensions thereof required defendant JAMAICA HOSPITAL to make retroactive contributions to the WELFARE FUND for covered employees in its various facilities, retroactive to the expiration date of previous agreements.

12. At all relevant times herein there was in force and effect a Declaration of Trust of the WELFARE FUND, a Delinquent Contribution Collection Policy, and Trustee resolutions, among other documents affecting contributions to the WELFARE FUND with which defendant JAMAICA HOSPITAL was required to comply.

## COUNT I

13. Plaintiff repeats the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

14. Despite due demand therefor, JAMAICA HOSPITAL has failed and/or refused to make retroactive contributions to the WELFARE FUND for covered employees in the principal sum of $47,090.

15. The failure and/or refusal of JAMAICA HOSPITAL to make such required retroactive contributions to the WELFARE FUND is a violation of the collective bargaining agreement, and extensions thereof, the Agreement of Declaration of Trust, and of ERISA §515, 29 U.S.C. § 1145.

16. Upon information and belief, unless ordered by this Court, defendant JAMAICA HOSPITAL will continue to fail and refuse to remit proper and full monthly contributions, such that the principal sum due and owing will increase monthly.

17. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury unless defendant is ordered to specifically perform all its required obligations, and is restrained from continuing to refuse to so perform.

WHEREFORE, plaintiff demands judgment against defendant JAMAICA HOSPITAL as follows:

(a) Awarding judgment in the principal amount of retroactive contributions due and owing to the WELFARE FUND in the sum of $47,090, exclusive of interest;

(b) Granting plaintiff reasonable attorneys' fees, costs and expenses of this action, interest on principal from date due until paid, and liquidated damages, calculated at twice the prime rate of interest, per annum, as provided for and required pursuant to §502(g)(2) of ERISA, 29 U.S.C. §1132(g);

(c) Ordering defendant to make timely contributions in the future; and

(d) Such other and different relief as this Court deems just and proper.

Dated: New York, New York
October 21, 2016

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
GARY SILVERMAN (GS9287)
ZACHARY HARKIN (ZH0620)
Attorneys for Plaintiffs
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100

4